**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

REVERE NATIONAL CORPORATION,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.                                                                      No. 96-1470

PRINCE GEORGE'S COUNTY,
MARYLAND,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, Magistrate Judge.
(CA-93-2899-DKC)

Argued: June 2, 1997

Decided: July 10, 1997

Before HALL and NIEMEYER, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stan Derwin Brown, MCCARTHY, BACON & COS-
TELLO, L.L.P., Lanham, Maryland, for Appellant. Maureen Epps
Webb, Acting Deputy County Attorney, Sean Daniel Wallace, Deputy
County Attorney, Upper Marlboro, Maryland, for Appellee. **ON
BRIEF:** Barbara L. Holtz, Acting County Attorney, Upper Marlboro,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Revere National Corporation (Revere) appeals from the district court's decision upholding the constitutionality of the most recent sign ordinance adopted by Prince George's County, Maryland (County). Revere contends that the ordinance, on its face, violates the first amendment's guarantee of freedom of speech, made applicable to state and local governments by the fourteenth amendment. The County defends its ordinance as a permissible exercise of its regulatory authority.

The County adopted the current version of its sign ordinance after the district court invalidated two previous versions. See Revere National Corporation, Inc. v. Prince George's County, 819 F. Supp. 1336 (D. Md. 1993). Like the preceding versions, this version distinguishes between on-site and off-site signs. On-site signs advertise products, services, or activities available on the premises where the sign is located, while off-site signs publicize products, services, or activities available elsewhere. The ordinance authorizes on-site commercial signs as well as temporary political and public interest signs. However, it regulates the physical characteristics--such as the location and size--of these signs. The ordinance bans most off-site signs, including all off-site outdoor advertising signs or billboards. Significantly, this ordinance, unlike its predecessors, makes clear that any sign authorized by the ordinance can carry any noncommercial message as long as the sign conforms to the appropriate design parameters.

Revere contends that the ordinance infringes on its and its clients' constitutional right of free speech. In support of its position, Revere asserts that the County has not demonstrated, and cannot demonstrate, that the prohibition of all off-site billboard advertising will "directly and materially advance" the County's professed interest in traffic

2

safety and aesthetics. Revere also argues that the ordinance is not content-neutral, that it gives preference to commercial over noncommercial speech, and that it gives preference to certain types of noncommercial speech.

As the district court recognized, the outcome in this case is dictated by circuit precedent. This court previously has reviewed and upheld ordinances with the same salient characteristics as the one at issue here. Naegele Outdoor Advertising, Inc. v. City of Durham, 844 F.2d 172 (4th Cir. 1988); Georgia Outdoor Advertising, Inc. v. Waynesville, 833 F.2d 43 (4th Cir. 1987); Major Media of the Southeast v. Raleigh, 792 F.2d 1269 (4th Cir. 1986). In doing so, we have rejected arguments essentially identical to those raised by Revere. As the district court explained, in this circuit it is beyond question that a municipal government may prohibit all off-site billboards without offending the first amendment. Georgia Outdoor Advertising, 833 F.2d at 45-46. In addition, the district court properly held that the other problems Revere perceives are remedied by the provision that allows signs within the County to carry noncommercial messages. Because a sign owner can place any noncommercial message on an otherwise authorized sign, the ordinance is content neutral, it does not prefer commercial over noncommercial speech, and it does not prefer one type of noncommercial speech over another. Since the district court adequately addressed Revere's contentions, we affirm for the reasons stated in its opinion, Revere National Corporation, Inc. v. Prince George's County, No. DKC 93-2899 (D. Md. Mar. 28, 1996) (unpublished).

AFFIRMED

3